UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION

Case No. 2:08-md-1919 MJP

IN RE WASHINGTON MUTUAL, INC. ERISA LITIGATION

This Document Relates to:
ALL CASES

Lead Case No. C07-1874 MJP

**ORDER ON MOTION TO DIRECT ENTRY OF FINAL JUDGMENT**

This matter comes before the Court on Plaintiffs' motion to direct the entry of final judgment for J.P. Morgan Chase, N.A.'s ("Chase") and the Committee Defendants' conditional cross-motion for certification pursuant to 28 U.S.C. § 1292(b). (Dkt. Nos. 366, 372.) The Court has reviewed the motions, Chase's response (Dkt. No. 371), Plaintiffs' reply in support of its motion (Dkt. No. 378), Plaintiffs' response to the cross-motion (Dkt. No. 383), the Committee Defendants' reply in support of their cross-motion (Dkt. No. 387), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Plaintiffs' motion without prejudice to revisit the issue after the Court rules on Plaintiffs' motion for class certification. The Court FINDS AS MOOT the Committee Defendants' conditional cross-motion.

## Background

On October 5, 2009, the Court granted in part and denied in part Defendants' motions to dismiss. (See Dkt. No. 362.[1]) All Defendants joined the Committee Defendants' argument that the WaMu Plan's design required fiduciaries to preserve common stock as an investment option. (Id. at 10.) The Court denied Defendants' motion, reasoning that the terms of the Plan contemplated the Plan Investment Committee's authority to remove investment funds, including the Common Stock Fund. (Id. at 12.) The Court did, however, grant Chase's motion to dismiss because Plaintiffs had failed to posit a plausible theory of successor liability. (Id. at 23.) Plaintiffs move for entry of partial judgment under Rule 54(b) and the Committee Defendants filed a conditional cross-motion for interlocutory appeal.

## Discussion

> Rule 54(b) provides, in pertinent part:
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay . . . .

Fed. R. Civ. P. 54(b). Under Rule 54(b), a district court must "first determine that it is dealing with a 'final judgment'" and, if it finds finality, "determine whether there is any just reason for delay." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980). In analyzing whether there is a "just reason for delay," a court must consider "judicial administrative interests as well as the equities involved." Id. at 8. In Curtiss-Wright, for instance, the district court had analyzed whether "the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if

---

[1] The Court does not provide an extensive factual recitation in today's Order. For a more complete description of the parties and allegations, the Court references the summary provided in the Order on the motions to dismiss. (Dkt. No. 362 at 3-7.)

there were subsequent appeals." Id. at 6. The question of whether entry of judgment will "streamline the ensuing litigation" is of particular importance under Rule 54(b). Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991) (even where remaining claims required proof of same facts, entry of judgment was appropriate because the legal and factual issues were distinct); Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987) (approving court's decision to "carve out threshold claims and thus streamline further litigation"); Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009) (Rule 54(b) judgment appropriate where an appellate court's ruling may free a party from litigation and streamline later litigation).

In this matter, the legal theories applicable to Chase are not entirely distinct from those relating to other Defendants. Though the Court dismissed Chase because Plaintiffs' theory of successorship liability was untenable, Chase advanced a number of other arguments which could be revived on appeal. See Hell's Angels Motorcycle Corp. v. McKinley, 360 F.3d 930, 933 (9th Cir. 2004). In particular, Chase could argue that dismissal was appropriate because the Plan required the fiduciaries to provide WaMu common stock as an investment option. (See Dkt. No. 362 at 12.) The Ninth Circuit could decide the issue on a legal basis applicable to all Defendants, even if Chase were the only Defendant presenting the argument. Unlike the scenario in Texaco, issues that lie at the core of the claims against the remaining Defendants could be simultaneously litigated in this Court and at the Ninth Circuit.

The Court recognizes the potential for a significant delay in this matter if judgment is not entered—the ERISA trial is scheduled for July 16, 2012. (See Dkt. No. 392.) The Court is scheduled to hear argument on Plaintiffs' motions for class certification this summer. Under Rule 23(f), either Plaintiffs or Defendants may appeal the Court's ruling on class certification.[2] See Fed. R. Civ. P. 23(f). Should the Court enter judgment against Chase at that time, the

---

[2] The Court is careful to note that it is neither encouraging nor discouraging the parties to appeal any future ruling on class certification.

Court of Appeals would be able to address the legal issues common to all Defendants at one time. In the Court's view, this scenario presents the most streamlined path to an efficient resolution of this matter. The Court's denial of Plaintiffs' motion is therefore without prejudice to bring a renewed motion after the Court rules on the anticipated motions for class certification.

The Committee Defendants couched their motion as a "conditional" that should only be considered if the Court granted Plaintiffs' Rule 54(b) motion. (Dkt. No. 372 at 2.) Because the Court denies Plaintiffs' motion today, the Court finds as moot the Committee Defendants' motion.

**Conclusion**

The Court believes that the present posture of the case makes the entry of judgment inappropriate. In particular, the risk of parallel arguments before this Court and the Ninth Circuit on identical legal issues is worrisome. The Court therefore DENIES Plaintiffs' motion for entry of judgment against Chase (Dkt. No. 366) without prejudice to bring a renewed motion after the Court rules on class certification. The Court FINDS AS MOOT the Committee Defendants' conditional cross-motion (Dkt. No. 372) for interlocutory appeal. The Clerk is directed to transmit a copy of this Order to all counsel of record.

Dated this 11th day of January, 2010.

Marsha J. Pechman
United States District Judge