THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | **No. 2:08-md-01919-MJP** |
| IN RE WASHINGTON MUTUAL, INC. ERISA LITIGATION | Lead Case No. C07-1874 MJP |
| This Document Relates to:<br>All Actions | **FINDINGS AND ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL** |

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the WaMu Savings Plan, a defined contribution retirement plan intended to satisfy the requirements of Section 401 of the Internal Revenue Code (the "Plan").

Presented to the District Court for preliminary approval is a settlement of the litigation. The terms of the settlement are set out in a Settlement Agreement executed by counsel for the Parties on June 18, 2010.[1]

On August 3, 2010, the Court preliminarily considered the settlement to determine, among other things, whether it warrants the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Class Certification</u>. The Court preliminarily finds, for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, and any other applicable laws have been met as to the "Settlement Class" defined below, in that:

    a.    The Settlement Class is cohesive and well defined;

    b.    The members of the Settlement Class are reasonably ascertainable from records kept with respect to the Plan, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    c.    Based on allegations in the Complaint, the Court preliminarily finds that there are one or more questions of fact and law common to the Settlement Class;

    d.    Based on allegations in the Complaint, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

    e.    The Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

PRELIMINARY APPROVAL ORDER
(07-1874 MJP) Page - 2

qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

  f. The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action; and (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other Settlement Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

 2. Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following class (the "Settlement Class") for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1):

> All persons who were participants in or beneficiaries of the Plan at any time between October 19, 2005 and September 26, 2008, inclusive, and whose individual Plan accounts included investment in Company Stock; provided, however that Defendants and their heirs, Successors-in-Interest, or assigns, to the extent such persons acquire an interest held by Defendants, are excluded from the Settlement Class.

 3. The Court preliminarily appoints Named Plaintiffs Gregory Bushansky, Dana Marra, and Marina Ware as class representatives for the Settlement Class, and Keller Rohrback L.L.P. and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel for the Settlement Class.

 4. <u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) fair, reasonable, and adequate; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (v) falling within the range of possible approval; (vi) not a prohibited transaction under ERISA or is exempt from ERISA's prohibited transaction

provisions pursuant to applicable law or rules; and (vii) warranting notice to Settlement Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

     5.    <u>Fairness Hearing</u>.  A hearing is scheduled for November 5, 2010 (the "Fairness Hearing") to determine, among other things:

     a.    Whether the settlement should be finally approved as fair, reasonable, and adequate;

     b.    Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

     c.    Whether the Class Notice, Publication Notice and Internet Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

     d.    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

     e.    Whether the Plan of Allocation should be approved;

     f.    Whether the application for attorneys' fees and expenses filed by Class Counsel should be approved; and

     g.    Whether the Service Awards for the Named Plaintiffs should be approved.

     6.    <u>Bankruptcy Court Approval</u>.  Within seven business days of entry of this Order, the Named Plaintiffs and WMI shall file a motion with the Bankruptcy Court in the Chapter 11 Cases seeking entry of the Bankruptcy Court Approval Order.  The motion will seek a hearing at the same time or before the Fairness Hearing.

7. <u>Notices</u>. A proposed form of Class Notice is attached hereto as Exhibit 1. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the settlement; (ii) notifies the Settlement Class concerning the proposed Plan of Allocation; (iii) notifies the Settlement Class that Class Counsel will seek a Service Award from the Settlement Fund for the Named Plaintiffs in an amount not to exceed $5,000 and for attorneys' fees not to exceed 25% of the Settlement Fund, plus reimbursement of expenses; (iv) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that, pursuant to the Settlement Agreement, Class Counsel and JPMC shall:

• Within 30 days of entry of this order, cause the Class Notice attached hereto as Exhibit 1, with blanks completed and such non-substantive or formatting modifications as may be agreed upon by the Parties, to be sent to each member of the Settlement Class listed on CHASE-0008070593. The notice shall be sent by first-class mail, postage prepaid, to the Settlement Class members' last known address.

• Within 30 days of entry of this order, cause the Publication Notice in the form attached hereto as Exhibit 2, with blanks completed and such non-substantive modifications as may be agreed upon by the Parties, to be published on one occasion in the Seattle Times and by electronic publication on the Business Wire.

The Court directs that Class Counsel shall:

• Within 30 days of entry of this order, cause the Settlement Agreement with all of its exhibits and the Class Notice to be posted on the websites identified in the Class Notice.

• At or before the Fairness Hearing, file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

8. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or

to any request for compensation for the Named Plaintiffs, may file an objection. An objector must file with the Court a statement of his, her or its objections, specifying the reasons, if any, for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention. The objector must also mail the objection and all supporting law and evidence to Class Counsel and to Defendants' Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

**To the Court:**

> Clerk of the Court
> U.S. District Court for the Western District of Washington
> 700 Stewart Street
> Seattle, WA  98101-9906

**To Class Counsel:**

> Lynn Lincoln Sarko
> Derek W. Loeser
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA  98109
>
>     and
>
> Steve W. Berman
> Andrew M. Volk
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101

**To Defendants' Counsel:**

> Ronald L. Berenstain
> PERKINS COIE LLP
> 1201 Third Avenue, Suite 4800
> Seattle, WA  98101

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the Court so that it is received by no later than October 22, 2010. If an objector hires an attorney to object pursuant to this paragraph, the attorney must both

PRELIMINARY APPROVAL ORDER
 (07-1874 MJP) Page - 6

effect service of a notice of appearance on counsel listed above and file it with the Court by no later than October 22, 2010. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

8. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on Defendants' Counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than October 22, 2010. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

9. <u>Service of Papers</u>. If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.

10. <u>Fee Petition</u>. Class Counsel shall file an application for attorneys' fees and expenses no later than October 1, 2010. Any reply in support of motions for final approval and for attorneys' fees and costs must be filed no later than October 29, 2010.

11. <u>Injunction</u>. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, all members of the Settlement Class are enjoined from instituting or commencing any action against Defendants based on the Released Claims, and all proceedings in this action, except those related to approval of the settlement, are stayed.

12. <u>No Settlement Discovery</u>. No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

13. <u>Termination of Settlement</u>. This Order shall become void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of April 1, 2010 pursuant to Section 10.2 of the Settlement Agreement, if the settlement is terminated in accordance with the Settlement Agreement or does not receive final approval. In such event, Section 10 of the Settlement Agreement shall govern the rights of the Parties.

14. <u>Use of Order</u>. This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by Defendants. Defendants specifically deny any liability or wrongdoing. Plaintiffs specifically believe they would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation and the dwindling insurance policy covering the Defendants' alleged liability in this case. Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated or not given final approval.

15. <u>Continuance of Hearing</u>. The Court may in its discretion continue the Fairness Hearing without further written notice.

DATED this 6th day of August 2010.

_____
Marsha J. Pechman
United States District Judge