THE HONORABLE MARSHA J. PECHMAN



08-MD-01919-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | No. 2:08-md-01919-MJP |
| IN RE WASHINGTON MUTUAL, INC. ERISA LITIGATION | Lead Case No. C07-1874 MJP |
| This Document Relates to:<br>All Actions | [PROPOSED] FINAL ORDER AND JUDGMENT |

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the WaMu Savings Plan, a defined contribution plan intended to satisfy the requirements of Section 401 of the Internal Revenue Code (the "Plan").

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on August 6, 2010, on the application of the Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed on June 18, 2010 and filed with the Court on June 18, 2010.[1]

---

[1] All capitalized terms used in this Final Order and Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

[PROPOSED] FINAL ORDER
AND JUDGMENT
(07-1874 MJP) Page - 1

Before the Court are: (1) Plaintiffs' Motion and Memorandum of Points and Authorities in Support of Motion for Final Approval of the Settlement, for Settlement and Plan of Allocation, and Certification of the Settlement Class ("Final Approval Motion"); and, (2) Plaintiffs' Motion and Memorandum of Points and Authorities in Support of Motion for Award of Attorneys' Fees, Expenses and Service Awards for Named Plaintiffs ("Fee and Expense Motion").

The Bankruptcy Court has entered the Bankruptcy Court Approval Order;

The Court has received declarations attesting to the mailing of the Class Notice, the publication of the Publication Notice and the posting of the Internet Notice in accordance with the Preliminary Approval Order;

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this case, and is otherwise fully informed in the premises. IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to the action, including all members of the Settlement Class.

2. On August 31, 2010, 32,465 copies of the Class Notice were mailed to Settlement Class members.

3. On August 22, 2010, a copy of the Publication Notice was published in the Seattle Times and Business Wire in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

4. In accordance with the Court's Preliminary Approval Order, the Class Notice and Settlement Agreement were posted on ERISAfraud.com, www.KellerSettlements.com, www.hbsslaw.com, and www.kccllc.com.

5. The Class Notice and the Publication Notice fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the

Settlement, and of Class Counsel's application for an award of attorneys' fees, expenses, and Service Awards to the Named Plaintiffs, all from the Settlement Fund.

6. The Class Notice and Publication Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. This action and all claims asserted in it, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs, the Settlement Class members, and the Plan, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

8. The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Settlement Class, and that the Settlement is either (a) not a prohibited transaction under ERISA or (b) is exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules. The Settlement is finally approved in all respects. The Parties are directed to implement the Settlement in accordance with the terms and conditions of the Settlement Agreement.

9. The Named Plaintiffs, on behalf of themselves, the Plan and the Settlement Class, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the Releasees from the Released Claims.

10. All members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against Releasees, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a Released Claim under or through them, in any forum, action or proceeding of any kind. As set forth in Paragraph 4.2 of the Settlement Agreement, the Released Claims shall be: any and all

claims, demands, rights, liabilities, defenses or causes of action of any and every kind, character or nature whatsoever related to claims asserted in connection with Company Stock held in the WaMu Savings Plan (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, defense or otherwise, including those claims that were or could have been asserted in the ERISA Litigation or the Chapter 11 Cases or that would be barred by principles of *res judicata* had the claims asserted in the ERISA Litigation and the Chapter 11 Cases been fully litigated and resulted in a final judgment or order.

11. Each of the Defendants, by operation of this Order and Judgment, absolutely and unconditionally releases and forever discharges the Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the ERISA Litigation or the Bankruptcy Claims, as well as any and all claims for contribution, indemnification, or any other claims relating to payment of the Class Settlement Amount.

12. The Plan of Allocation is approved as fair and reasonable. Class Counsel and the Allocation Administrator are directed to allocate the Net Settlement Amount in accordance with the Settlement Agreement. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Class Counsel is hereby awarded attorneys' fees in the amount of _25_ % of the Settlement Fund, which the Court finds to be fair and reasonable, and _$156,258.75_ in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the action. The attorneys' fees and expenses so awarded shall be paid from the Class Settlement Amount pursuant to the terms of the Settlement Agreement, with interest on such amounts from the date

[PROPOSED] FINAL ORDER
AND JUDGMENT
(07-1874 MJP) Page - 4

the Class Settlement Amount was funded to the date of payment at the same net rate that the Class Settlement Amount earns. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

14. The Named Plaintiffs are each hereby awarded a Service Award in the amount of $5,000.

15. In making this award of attorneys' fees and reimbursement of expenses, and the Service Awards to the Named Plaintiffs, the Court has considered and found that:

    a) The Settlement achieved as a result of the efforts of Class Counsel has created a fund of $49,000,000 in cash that is already on deposit, plus interest thereon, and will benefit thousands of Settlement Class members;

    b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    c) The action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants;

    e) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases; and

    f) The Named Plaintiffs rendered valuable service to the Plan and to Settlement Class members.

16. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received in any action or proceeding for any purposes, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (ii) in any action or proceeding where the

releases provided pursuant to the Settlement Agreement may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the settlement and defense of the action.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the settlement.

18. The Court finds that during the course of the litigation, Named Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination. Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that Defendants may submit this Final Order and Judgment to support a claim of *res judicata*, collateral estoppel, release or any theory of claim or issue preclusion, or they may submit this Final Order and Judgment in any action to enforce the injunctive provisions of Paragraph 10.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered shall be void to the extent provided by and in accordance with the Settlement Agreement.

1   21.   Final Judgment shall be entered herein.

2   DATED this 23 day of November, 2010.

                                    _____
                                    Honorable Marsha J. Pechman
                                    United States District Court Judge

[PROPOSED] FINAL ORDER
AND JUDGMENT
(07-1874 MJP) Page - 7

Presented by:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: s/ Erin M. Riley

    Steve W. Berman, WSBA #12536
    Andrew M. Volk, WSBA #27639
    1301 Fifth Avenue, Suite 2900
    Seattle, Washington 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    Interim Lead Counsel for Plaintiffs

    Keller Rohrback L.L.P
    Lynn L. Sarko, WSBA #16569
    Derek W. Loeser, WSBA # 24274
    Erin M. Riley, WSBA # 30401
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101-3052
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384
    Interim Lead Counsel for Plaintiffs